**John M. PEARCE, Plaintiff,**

v.

**E.F. HUTTON GROUP, INC.**

**and**

**Griffin B. Bell, Defendants.**

**Civ. A. No. 86–0008.**

United States District Court,
District of Columbia.

Feb. 9, 1987.

Stephen G. Milliken, Milliken, Van Susteren & Canan, P.C., Washington, D.C., for plaintiff.

John J. Walsh, Cadwalader, Wickersham & Taft, New York City, and Washington, D.C., for defendant The E.F. Hutton Group, Inc.

Earl J. Silbert, Allen V. Farber, Schwalb, Donnenfeld, Bray & Silbert, P.C., Washington, D.C., for defendant Griffin B. Bell.

## MEMORANDUM AND ORDER

ARTHUR L. BURNETT, Sr., United States Magistrate.

On January 20, 1987 defendant Griffin B. Bell filed a motion to strike plaintiff's supplemental answers to interrogatories and to prohibit testimony, with reference to identifying persons who could give factual information responsive to Interrogatory Numbers 4, 5, 6 and 11. These were included in the First Set of Interrogatories submitted to plaintiff in January, 1986. Plaintiff did not answer the interrogatories until July 10, 1986,[1] then giving a general and vague answer to the interrogatories at issue. For example, in response to Interrogatory Number 6 requiring that plaintiff identify individuals who believed his reputation had been adversely affected as a result of the Press Conference of September 5, 1985 by Griffin B. Bell, he answered:

> Hutton employees generally, paticularly (sic) those of the St. Louis and Washington-area offices of E.F. Hutton. Business leaders of St. Louis and Washington, who had known me by reputation, and the public at large.

Counsel for the defendant Griffin B. Bell has noted that by letter of August 18, 1986 they advised plaintiff's counsel of their re-

---

**6.** This modification in the Court's Order has been approved by the Court (Flannery, J.).

**1.** Much of the intervening delay between January and July, 1986 can be attributed to legal issues raised in motions filed by the defendants. The Magistrate attributes no fault to the plaintiff for the delay up to July 10, 1986.

quested identification of various individuals as required by interrogatory numbers 4, 5, 6 and 11, among others. Counsel further represents that five (5) weeks passed before plaintiff's counsel responded:

I owe you the identifications previously requested as confirmed by your letter of August 18, 1986. I am reviewing records and identifying putative witnesses and expect to forward names as they develop over the next two weeks.

However, five (5) additional weeks passed before plaintiff filed Supplemental Answers identifying four (4) individuals, i.e. Janet Nugent, Steven Bralove, Theresa Carnaghi and Charles Wetzel.[2] At that time plaintiff advised that additional individuals would be identified as his counsel learns of them through interviews and investigations. By letter of November 14, 1986 counsel for the defendant Griffin B. Bell noted the continuing deficiency in the answers given, observing:

General reference to a Hutton office or to Hutton employees is not acceptable. That does not provide sufficient information so that Defendant Bell can determine who, if anyone, to depose in preparation for trial. Please provide identification of specific individuals as requested in the Interrogatories. Absent such prompt identification, we reserve our right to move to compel, to object to Plaintiff offering any particular individuals as witnesses at trial, or to seek whatever other relief is appropriate.

Counsel for the defendant Griffin B. Bell wrote a further letter of November 21, 1986 referring to a discussion about identification of specific individuals in order to notice and take their depositions before the close of discovery, then January 9, 1987.

As a result of a discovery dispute as to other matters, the Magistrate by Order of December 17, 1986 extended the discovery period for eleven (11) days, to January 20, 1987, to allow the plaintiff an opportunity to take discovery with respect to his allegation that the defendant Bell purposefully

made him a "scapegoat" for higher level Hutton management officials.[3] On January 20, 1987 Plaintiff submitted a further supplemental response to interrogatory numbers 4, 5, 6 and 11, lumping 13 witnesses together without identifying them to any particular one of the referenced interrogatories. He listed as additional witnesses Congressman William J. Hughes and two staff members of Congress to testify about the cash management practices of Hutton and the Hutton Report. His supplemental answers did not indicate specifically the factual matters as to which these individuals would testify other than the brief fact statement as to Congressman Hughes and the two staffers. Counsel for the defendant properly observed that the plaintiff inexcusably failed to list the 16 individuals pursuant to the separate and distinct interrogatories, i.e. Interrogatory Numbers 4, 5, 6 and 11.

In his opposition counsel for the plaintiff protests that the defendant Griffin B. Bell never filed a motion to compel. He has also referred to Local Court Rule 209(j)(3) and the requirement to identify witnesses at the pretrial conference as justifying the delay to list certain individuals until January 20, 1987. But this reliance is misplaced.

The Local Rule speaks to identifying witnesses who are to testify at trial, while the interrogatories address the question of persons having knowledge of certain facts relevant to the issues in the case, not whether they will testify or not. The purpose of requiring a listing of persons with knowledge, even early on during the discovery phase in response to interrogatories, is to allow the opposing party to interview or depose them, if desired, or to conduct other investigation, and to learn the facts before discovery closes. That purpose was completely frustrated here by plaintiff's completely unwarranted and unjustified lack of diligence in supplying the names of persons plaintiff knew had knowledge about facts within the scope of the interrogatories at issue.

---

**2.** Defendant Griffin B. Bell does not seek to preclude these four (4) individuals from testifying in this case.

**3.** This was not an extension of discovery generally and thus the supplementation of plaintiff's answers after January 9, 1987 was not contemplated.

While the relief requested here is drastic, in view of the current trial date of March 2, 1987 and the prejudice that can be presumed in the listing of sixteen (16) witnesses dealing with the impact of defendant Bell's Hutton Report and the Press Conference on plaintiff's reputation and of a congressman to testify about Hutton's cash management practices, the resulting guilty plea to criminal charges and The Hutton Report, even if relevant, it is fully warranted. The extraordinary lack of diligence by the plaintiff in furnishing the names of individuals in response to the referenced interrogatories justify precluding them from testifying in this case, if this case is to proceed to trial as now scheduled.

Accordingly, it is now hereby this 9th day of February, 1987

ORDERED that the defendant Griffin B. Bell,s motion to strike plaintiff's supplemental answers to interrogatories and to prohibit testimony of the sixteen (16) individuals set forth in Exhibit No. 7 to his motion is hereby GRANTED; however, the request for an award of attorneys' fees and costs is DENIED as the Magistrate concludes that the sanction of preclusion is severe enough for the plaintiff's abuse of the discovery process involved in this matter.